UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANIEL RAY WITHERELL,

        Petitioner,

v.                                            Case No. 2:16-cv-100
                                            HON. JANET T. NEFF

JEFFREY WOODS,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Daniel Ray Witherell, filed this petition for writ of habeas corpus challenging his sentence as a fourth habitual offender.  On April 29, 1998, Petitioner was sentenced to 30 to 60 years as a fourth habitual offender after he was convicted by a jury of home invasion.[1] The Michigan Court of Appeals affirmed Petitioner's conviction on January 4, 2000, and the Michigan Supreme Court denied leave to appeal on June 26, 2000.  Petitioner filed a petition for writ of habeas corpus in 2001, in this district, which was denied without prejudice.  Petitioner filed a motion for relief from judgment in the trial court, which was denied on March 17, 2006. Petitioner's applications for leave to appeal were denied by the Michigan appellate courts. Petitioner filed a petition for writ of habeas corpus in the Eastern District of Michigan, which was denied as untimely on March 6, 2008.  (ECF No. 1, PageID.20-25).

---

[1] The sentencing transcript reflects that Petitioner was sentenced as a habitual offender (ECF No. 25-5).  The Commitment to Corrections Department reflects that Petitioner was convicted of home invasion 2nd and sentenced to 30 to 60 years.  (ECF No. 25-20, PageID.1550).  The "Amended As To Habitual 4th Judgment of Sentence Commitment To Department of Corrections" added "Habitual 4th," but made no change to the length of Petitioner's sentence (ECF No. 25-20, PageID.1556).  Petitioner also claims that his original sentence is not valid.   During the sentencing hearing Petitioner gave the Court a written allocution which was read that stated in part:  "I'm being sentenced April 29th in your courtroom for home invasion second & 4th habitual."  (PageID.825).

On March 8, 2012, the trial court amended the Commitment to the Corrections Department form to correct a clerical error that was brought to the Court's attention by the Michigan Department of Corrections.  The Court issued an "Amended as to Habitual 4th Judgment of Sentence Commitment to Department of Corrections."  (ECF No. 1, PageID.13).    The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal on January 3, 2013, (ECF No. 25-14), and the Michigan Supreme Court denied leave to appeal on May 28, 2013.  (ECF No. 25-15).

Petitioner attempted to file a motion for relief from judgment on May 21, 2014, but it was rejected on May 22, 2014, as a successive motion for relief from judgment.  (ECF No 1, PageID.11).   On June 4, 2014, Petitioner filed a motion for reconsideration of the decision to reject his motion for relief form judgment.  (ECF No. 25-17, PageID.1489-1490).  The trial court issued an order on June 17, 2014, denying Petitioner's motion for relief from judgment.    The Michigan Court of Appeals denied leave to appeal on August 29, 2014.  (ECF No. 1, PageID.6).  The Michigan Supreme Court denied leave to appeal on April 28, 2015.  (ECF No. 1, PageID.5).

In his current petition, Petitioner alleges that:

I. Petitioner's due process rights were violated when an amendment to a substantive error in the original sentence was made without a hearing.

II. Petitioner's sentence of 30 to 60 years is invalid because the minimum is a violation of the Tanner Rule and the maximum exceeds the statutory maximum of 15 years for home invasion second.

III.   Petitioner was denied his Sixth Amendment right to counsel where appellate counsel failed to raise the Tanner Rule violation.

In the opinion of the undersigned, Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part

2

of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214

(AEDPA).  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed

application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167,

181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v.*

*Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

     In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year

limitations period is measured.  Under that provision, the one-year limitations period runs from

"the date on which the judgment became final by the conclusion of direct review or the expiration

of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The one-year limitations period,

3

does not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired.  *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  In this case, the ninety-day period expired on August 26, 2013.  (Ninety days after the Michigan Department of Corrections denied leave on May 28, 2013).  The statute of limitations period began to run on August 27, 2013.  *See Bronaugh*, 235 F.3d at 284-85 (under FED. R. CIV. P. 6(a), the first day for counting purposes does not include the day of the act, event or default from which the designated period of time begins to run).  Petitioner had until August 26, 2014, to file a petition for writ of habeas corpus or otherwise toll the statute of limitations period.   On May 13, 2014, Petitioner filed a motion for relief from judgment in the trial court.[2]  The Michigan Supreme Court denied Petitioner's application for leave to appeal on April 28, 2015.  This Petition was filed on April 12, 2016.

Even if Petitioner is given the benefit of tolling throughout the entire time period in which he filed his motion for relief from judgment until the Michigan Supreme Court denied relief, the petition is untimely.[3]  Between August 27, 2013, the date the limitations period began to run, and May 13, 2014, the date Respondent claims that Petitioner filed the rejected motion for relief from judgment, 259 days had elapsed.  Consequently, Petitioner had 106 days left to file a petition for writ of habeas corpus.  After the Michigan Supreme Court denied relief to Petitioner on April 28, 2015, Petitioner waited nearly one year, until April 12, 2016, to file this petition.[4]  At that time the limitations period had already expired.

---

[2] Respondent states that the motion for relief from judgment was filed on May 13, 2014.  It appears that motion is not in the record.  The trial Court rejected that motion on May 22, 2014.

[3] Respondent argues that because this pleading was rejected as successive, it was never properly filed and could not toll the statute limitations.

[4] Petitioner filed his petition, dated April 12, 2016, on April 18, 2016.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005).   A petitioner bears the burden of showing that he is entitled to equitable tolling.  *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court.  *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009).  A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case.  The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.  *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").  Accordingly, in the opinion of the undersigned, Petitioner is not entitled to equitable tolling of the statute of limitations.

In  *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v.*

5

*Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception.  In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"  *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)).  Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence.  *Id.* at 1936.  In the opinion of the undersigned, Petitioner cannot show that his actual innocence tolled the limitations period.

In summary, the undersigned concludes that Respondent's motion to dismiss be granted (ECF No. 24), dismissing the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

6

The undersigned recommends that the court deny Petitioner's application as barred under the statute of limitations period.  Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate.  *Id.*  The undersigned concludes that reasonable jurists could not debate that each of Petitioner's claims are barred.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:    October 19, 2017                      /s/ Timothy P. Greeley
                                       TIMOTHY P. GREELEY
                                       UNITED STATES MAGISTRATE JUDGE