UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL RAY WITHERELL,

    Petitioner,

v.

JEFFREY WOODS,

    Respondent.

_____/

Case No. 2:16-cv-100

HON. JANET T. NEFF

## **OPINION AND ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition as barred under the statute of limitations and thus grant Respondent's motion to dismiss, dismissing the petition with prejudice. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Petitioner asserts that the Magistrate Judge erred by stating that Petitioner did not make a claim for equitable tolling and in concluding that equitable tolling does not apply to overcome the time bar (Pet'r Obj., ECF No. 31 at PageID.1587-88; R&R, ECF No. 28 at PageID.1579-80). While Petitioner did make a claim for equitable tolling in his amended petition (ECF No. 16 at

PageID.105-107), the Magistrate Judge properly determined that Petitioner failed to establish facts and circumstances that warrant its application in this case (R&R, ECF No. 28 at PageID.1579).

A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" (R&R, ECF No. 28 at PageID.1579, quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted)). The Magistrate Judge concluded that Petitioner did not meet this burden, and Petitioner's objections provide no facts or circumstances that undermine the Magistrate Judge's conclusion (R&R, ECF No. 28 at PageID.1579; Pet'r Obj., ECF No. 31 at PageID.1588). As the Magistrate Judge noted, Petitioner's motion is untimely even if the most generous tolling period is applied for his motion for relief from judgment (R&R, ECF No. 28 at PageID.1578). "After the Michigan Supreme Court denied relief to Petitioner on April 28, 2015, Petitioner waited nearly one year, until April 12, 2016, to file this petition" (*id.*). Thus, Petitioner failed to take any action for a significant length of time, which undermines Petitioner's claim that he acted diligently. *See Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005) (noting that Petitioner offered no reason for waiting almost a year after the denial of another appeal before bringing his habeas petition).

Nor does Petitioner's denial of a court-appointed attorney meet the second element of "an extraordinary circumstance" in this case (*see* Pet'r Obj., ECF No. 31 at PageID.1588; R&R, ECF No. 28 at PageID.1579). "The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling" (R&R, ECF No. 28 at PageID.1579). Petitioner's objection concerning equitable tolling is denied.

Petitioner's remaining assertions and arguments fail to show any error in the Magistrate Judge's assessment of the statute of limitations. For instance, Petitioner contends that "no timeline

or limitations should apply" because he is unlawfully imprisoned under a judgment issued in plain error or that is void (Pet'r Obj., ECF No. 31 at PageID.1588). Petitioner's conclusory assertions fail to establish any argument or authority to overcome the time bar.[1]

Having determined that Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability (COA) as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable as to each issue asserted. A certificate of appealability will therefore be denied.

Accordingly:

---

[1] Petitioner objects that the Magistrate Judge stated that Petitioner was originally sentenced as a fourth habitual offender, which is incorrect and misleading (Pet'r Obj., ECF No. 31 at PageID.1585; R & R, ECF No. 28 at PageID.1575). The Report and Recommendation merely explains the circumstances of Petitioner's sentencing and to the extent any statements are misleading, they do not affect the disposition of this case with respect to the statute of limitations.

**IT IS HEREBY ORDERED** that the Objections (ECF No. 31) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 28) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Respondent's motion to dismiss (ECF No. 24) is GRANTED, and the petition for habeas corpus relief (ECF No. 1) is **dismissed with prejudice** for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.


Dated: March 1, 2018  /s/ Janet T. Neff
JANET T. NEFF
United States District Judge